IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD LEROY KYLE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0636 |
| | : | |
| EDWARD McFADDEN, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**BARTLE III, J.**                                                                                            **JANUARY 4, 2021**

      Plaintiff Donald Leroy Kyle, a pretrial detainee incarcerated at the Chester County Prison, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs. For the following reasons, the Court will dismiss Kyle's Complaint without prejudice to amendment.

### I.     FACTUAL ALLEGATIONS

      The Complaint names the following Defendants in their individual and official capacities: (1) Warden Edward McFadden; (2) Medical Director George Roberts; (3) Health Services Administrator Karen Murphy; and (4) Doctor Victoria Gessner. (ECF No. 2 at 2-3.) Kyle identifies Defendants McFadden and Roberts as employees of the Chester County Prison, and Defendants Murphy and Gessner as employees of Prime Care Medical, a contractor that provides medical care to inmates at the prison. (*Id.* at 4.)

      Kyle alleges that the events giving rise to his claims took place from February 21, 2019 until the filing of his Complaint. (*Id.* at 5.) He avers that, upon his arrival at the Chester County Prison, "medical staff" failed to diagnose his unspecified medical condition for approximately eight months. (*Id.*) He claims that Dr. Gessner, whom he appears to have seen at some point for

1

his condition, "failed to follow up with appropriate testing MRI, and get [Kyle] to a specialist to get a proper diagnosis." (*Id.*) Kyle alleges that he grieved the matter to Defendants Roberts, Murphy and McFadden to no avail. (*Id.*) Kyle also alleges, however, that on June 15, 2019, he was taken for a medical visit to an outside provider for a M.R.I, but he was "physically unable to lay down for imaging." (*Id.*) He claims that, since then, "all MRI attempts have been abandoned" and that Dr. Gessner falsely claimed he refused a M.R.I. (*Id.*)

Kyle brings deliberate indifference claims against the Defendants for failure to diagnose and properly treat his medical condition. (*Id.* at 3, 5.) Kyle also asserts that the Defendants "interfer[ed] with treatments once prescribed," but is unclear what that allegation is based upon because Kyle does not describe any treatment prescribed and then denied to him. (*Id.* at 3.) He claims to have sustained the following injuries: weight gain, nerve damage, enlarged stomach, open sores and contusions, constant pain, limited quality of life and fear of imminent death. (*Id.* at 5.) He seeks "adequate" medical treatment, diagnosis by a "competent doctor," and $ 3 million in damages. (*Id.*)

**II.     STANDARD OF REVIEW**

As Kyle is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory

allegations do not suffice. *Id.* As Kyle is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

#### A.   Official Capacity Claims

Kyle has not stated a claim against the Defendants in their official capacities. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Therefore, Kyle's official capacity claims against Warden McFadden and Medical Director Roberts are essentially claims against the county, while Kyle's official capacity claims against Defendants Murphy and Gessner are essentially claims against Prime Care.

To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. 658, 694 (1978). Similarly, a private corporation under contract to provide prison health services such as Prime Care may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d

93, 106 (3d Cir. 2019).  "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."  *Id.*

Kyle's Complaint does not tie any of the claimed violations of his rights to a municipal or Prime Care policy or custom or to a failure to train, supervise, or discipline.  Accordingly, the Complaint does not state a claim against the Defendants in their official capacities.

### B. Individual Capacity Claims

Kyle has also failed to state a claim against the Defendants in their individual capacities.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  As Kyle was a pretrial detainee during the relevant time period, his deliberate indifference claims are governed by the Fourteenth Amendment.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

To state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see also Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no

reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Kyle alleges that Dr. Gessner failed to provide him with proper diagnostic testing, in particular a M.R.I., and treatment for his condition. However, he does not provide sufficient facts from which it could be inferred that Dr. Gessner was deliberately indifferent to his serious medical needs. He does not provide details about when or how often he saw Dr. Gessner, what his symptoms were at the time he saw her, or other information from which deliberate

indifference could be plausibly inferred.[1]  Without additional factual information, Kyle has not alleged deliberate indifference, especially considering the deference generally afforded to medical decisions about diagnosis and treatment.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Dykeman v. Ahsan*, 560 F. App'x 129, 131 (3d Cir. 2014) (per curiam) (no deliberate indifference based on "Defendants' diagnosis of [inmate's] hip pain without conducting an MRI and consulting an orthopedic specialist, both of which he repeatedly requested").

Kyle's claims against the remaining Defendants appear to be based on their denial of grievances he filed about his medical care.[2]  However, "[m]erely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege [a] . . . deliberate indifference claim."  *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (per curiam); *see also Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (per curiam) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (per curiam) ("The District Court properly determined that Defendants Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances –

---

[1] Kyle describes injuries he claims to have sustained as a result of the Defendants' deliberate indifference.  But it is not clear from the Complaint when these symptoms developed and whether he presented to Dr. Gessner with any or all of these symptoms.

[2] Kyle's claims do not appear to be based on a theory of supervisory liability because no such theory is pled in the Complaint.  *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).

lacked the requisite personal involvement [in the conduct at issue]."). It is also appropriate for nonmedical defendants to defer decisions about medical care to medical professionals. *See Spruill*, 372 F.3d at 236 ("If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands"); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) ("Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."). Kyle therefore has not alleged a deliberate indifference claim against Defendants McFadden, Roberts and Murphy based on how they handled his grievances.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Kyle's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Kyle an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can state a basis for a deliberate indifference claim. An appropriate Order follows, which provides further instruction as to amendment.

                              **BY THE COURT:**

                              **/s/Harvey Bartle III**
                              **HARVEY BARTLE III J.**

---

[3] Additionally, the denial or mishandling of grievances does not support an independent constitutional claim because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).